IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Katie Scalf, ) | |
| ) | C/A No.: 4:10-1192-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Michael J. Astrue, Commissioner of the ) | **O R D E R** |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## I. PROCEDURAL HISTORY

On May 10, 2010 Plaintiff Katie Scalf filed the within action pursuant to 42 U.S.C. § 405(g) of the Social Security Act, as amended (the "Act") seeking judicial review of a final decision of Defendant Commissioner of Social Security Administration (the "Commissioner") on Plaintiff's application for a period of disability and disability insurance benefits. Plaintiff alleges disability commencing August 5, 2005 because of whiplash, disk degeneration, fibromyalgia, bipolar disorder, osteoarthritis, leg pain, anxiety, depression, and carpal tunnel syndrome. After Plaintiff's applications were denied initially and upon reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on April 14, 2009 and, on July 1, 2009, issued a partially favorable decision. The ALJ found, first, that Plaintiff meets the insured status requirements of the Act through March 31, 2011 and that she has not engaged in substantial activity since the alleged onset date of her disability. The ALJ further found that Plaintiff has the following severe impairments: anxiety, depression, bipolar disorder, fibromyalgia, arthritis in the shoulder, peripheral neuropathy, degenerative disc disease, myalgia, and carpal tunnel syndrome.

The issue presently before the Court relates to the next step in the ALJ's analysis,

specifically, his finding that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404.1520(d). If the ALJ had found that Plaintiff had such an impairment, Plaintiff would have been found disabled without consideration of her age, education, and work experience. See 20 C.F.R. § 404.1520(d). However, because the ALJ did not make such a finding, his analysis continued. Applying the appropriate regulations and guidelines, the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Act at the date of alleged onset, but had become so as of June 26, 2009, which was two months before her 55th birthday. Plaintiff sought review of the ALJ's decision from the Appeals Council, which denied the request. Accordingly, the ALJ's decision became the Commissioner's final decision for purposes of judicial review.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III. On July 28, 2011 the Magistrate Judge filed a Report and Recommendation ("R&R") in which he recommended that the court reverse the Commissioner's decision and remand this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). R&R 14–15, ECF No. 12. The Commissioner filed objections to the R&R on August 15, 2011. Comm'r's Obj., ECF No. 14.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the R&R to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

## II. STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157, 1157 (4th Cir. 1971). The Court must uphold the Commissioner's decision as long as it is supported by substantial evidence. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

"From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157–58. The Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

## III. THE APPLICABLE LAW AND REGULATIONS

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability." 42 U.S.C. § 423(a)(1). Disability is defined as: "[the] inability to engage in any substantial gainful

activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act has, by regulation, reduced the statutory definition of "disability" to a series of five sequential questions that are to be asked during the course of a disability determination. The five questions are: (1) is the claimant engaged in substantial gainful activity; (2) does the claimant have a severe impairment or combination of impairments; (3) does the claimant have an impairment that meets or equals one of the listings in the appropriate appendix; (4) is the claimant prevented by the impairment or combination of impairments suffered from engaging in his or her relevant past employment; and (5) does the claimant have the ability to engage in other gainful activity considering his or her age, education, past relevant experience, and residual functional capacity. See 20 C.F.R. § 404.1520. An individual may be determined not disabled at any step if found to be: gainfully employed, not severely impaired, not impaired under the Listing of Impairments, or capable of returning to former work. In such a case, no further inquiry is necessary.

## IV. DISCUSSION

The Commissioner objects to the Magistrate Judge's recommendation that the case be remanded for proper adjudication at step three of the sequential evaluation process and for explanation of the ALJ's evaluation of the combined effect of Plaintiff's impairments with respect to functional limitations. See R&R 14–15, ECF No. 12. The Commissioner argues, first, that contrary to the Magistrate Judge's recommendation, the ALJ did adequately discuss the combined effect of Plaintiff's impairments.

As the Magistrate Judge properly found, the Fourth Circuit held in Walker v. Bowen, 889

4

F.2d 47 (4th Cir. 1989), that "[a]s a corollary to [the] rule [that the combined effect of a claimant's impairments must be considered,] the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." Id. at 50. The Walker decision is consistent with the Fourth Circuit's prior decisions interpreting and applying the Act, which held that when an ALJ fails to explain the basis for his or her conclusions, the court is unable to discharge its duty to determine whether those conclusions are supported by substantial evidence. See, e.g., DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator."); Jordan v. Califano, 582 F.2d 1333, 1335 (4th Cir. 1978) ("A bald conclusion, unsupported by reasoning or evidence, is generally of no use to a reviewing court.").

In the instant action, the Commissioner argues that the court should affirm the ALJ's decision based on the ALJ's statements that he considered Plaintiff's impairments "in combination" and that he "considered the 'entire record' and 'all symptoms.'" Comm'r's Obj. 2–3, ECF No. 14. Such conclusory statements, however, are insufficient under Walker, which requires that the ALJ adequately explain the basis for his decision.

In the alternative, the Commissioner argues that, if the court finds the ALJ's discussion of this issue lacking, "[a]ny [such] purported 'errors' . . . are, at most, harmless errors in decision-writing technique that did not affect the outcome and, thus, do not warrant remand." Comm'r's Obj. 3, ECF No. 14. As an initial matter, none of the three cases cited by the Commissioner in support of this argument is persuasive. Fieldcrest Cannon, Inc. v. NLRB, 97 F.3d 65 (4th Cir. 1996), involved a review of a decision by the National Labor Relations Board, while Napier v. Director, Office of Workers Compensation Programs, 890 F.2d 669 (4th Cir. 1989), considered a claim made under the Federal Coal Mine Health and Safety Act of 1969. Although the third case cited by the

5

Commissioner, Mickles v. Shalala, 29 F.3d 918 (4th Cir. 1994), did consider the denial of a claim for supplemental security income, the opinion is of limited precedential value. The three judges on the panel agreed on the result, but each filed a separate concurring opinion setting forth their reasoning. The particular language relied upon by the Commissioner appears in the concurring opinion of Judge Hall and did not command an endorsement by the majority of the panel. See id. at 919, 921. Moreover, Judge Hall's opinion does not support the Commissioner's position that the ALJ's failure to explain his conclusion is harmless:

> Because the ALJ conducted the proper analysis in a comprehensive fashion and cited substantial evidence to support his finding, and because there is no question but that he would have reached the same result notwithstanding his initial error, I would affirm. I therefore concur in the judgment.

Id. (emphasis added).

The court concludes that "the ALJ must adequately explain his or her evaluation of the combined effects of the impairments," Walker, 889 F.2d at 50. Accordingly, the court cannot dismiss the ALJ's failure to discuss the cumulative effect of Plaintiff's impairments as "harmless error." The Commissioner's objection is without merit.

## V. CONCLUSION

The court adopts the Magistrate Judge's R&R and incorporates it herein by reference. For the reasons stated in this order and the R&R, the Commissioner's decision is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative action.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

August 26, 2011
Columbia, South Carolina