IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Katie Scalf, ) | |
| ) | C/A No. 4:10-1192-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Michael J. Astrue, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

  Plaintiff Katie Scalf brought this action to obtain judicial review of a final decision of Defendant Commissioner of Social Security denying Plaintiff's application for a period of disability and disability insurance benefits. See 42 U.S.C. § 405(g). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III. On July 28, 2011, the Magistrate Judge filed a Report and Recommendation in which he recommended that the Commissioner's decision be reversed under sentence four of 42 U.S.C. § 405(g) and the cause remanded to the Commissioner for further proceedings. The Commissioner filed objections to the Report and Recommendation on August 15, 2011. On August 26, 2011, the court issued an order in which it adopted the Report and Recommendation.

  This matter now is before the court on Plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, which motion was filed September 21, 2011 (ECF No. 19). Counsel moves for attorneys' fees in the amount of $2,336.40. On October 11, 2011 the Commissioner filed a response to Plaintiff's motion for attorney's fees. The Commissioner

contended that the motion should be denied because the government's position was substantially justified.

## FACTS

Plaintiff alleges disability because of whiplash, disk degeneration, fibromyalgia, bipolar disorder, osteoarthritis, leg pain, anxiety, depression, and carpel tunnel syndrome. Plaintiff filed an application for a period of disability and disability benefits on January 17, 2007, alleging disability beginning August 5, 2005. Her application was denied initially and on review. A hearing was held before an Administrative Law Judge (ALJ) on April 14, 2009 and July 1, 2009. The ALJ determined that Plaintiff had a residual functional capacity for a range of light work. The ALJ further determined that Plaintiff could perform other work existing in significant numbers in the national economy until June 26, 2009, two months before her fifty-fifth birthday, at which time she became disabled under the Medical Vocational Guidelines. The ALJ's findings became the final decision of the Commissioner after the Appeals Council determined that there was no basis for granting Plaintiff's request for review. Plaintiff thereafter brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner.

The ALJ found that Plaintiff has the severe impairments of anxiety, depression, bipolar disorder, fibromyalgia, arthritis in the shoulder, peripheral neuropathy, degenerative disc disease, myalgia, and carpal tunnel syndrome. The ALJ determined that Plaintiff has no impairments or combination of impairments that meets or medically equals one of the Listings. The ALJ further found that Plaintiff has the residual functional capacity to perform light work with restrictions. In addition, the ALJ determined that a significant number of jobs existed in the national economy that Plaintiff could perform until June 26, 2009, two months before her fifty-fifth birthday, at which time her age

category changed and Plaintiff became disabled within the meaning of the Act. Accordingly, the ALJ determined that Plaintiff was not under a disability prior to June 26, 2009, but became disabled on that date and continued to be disabled through the date of his decision.

## DISCUSSION

The Commissioner contends that the court should not award attorney's fees under the EAJA because the Commissioner's response was substantially justified. See 28. U.S.C. § 2412(d)(1)(A) (providing for an award of fees, expenses, and costs incurred by a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."). A position taken by the Commissioner is substantially justified if it is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 422, 565 (1988).

Plaintiff argued, among other things, that the ALJ considered Plaintiff's impairments separately but failed to evaluate the combined effect of her impairments. The Magistrate Judge agreed, finding that the ALJ did not discuss how he considered Plaintiff's impairments in combination or in combination with her other severe and non-severe impairments. The Magistrate Judge further observed that, as a consequence, the ALJ failed to properly evaluate step three of the sequential evaluation process, i.e., the ALJ failed to discuss Plaintiff's impairments individually or in combination in determining that they did not equal or meet a Listing. The Magistrate Judge noted that he could not determine whether the ALJ's conclusions as to the remainder of the sequential process were supported by substantial evidence.

The Commissioner contends that his position was substantially justified because the ALJ complied with agency regulations by considering the combined effects of Plaintiff's impairments. See

3

20 C.F.R. § 404.1523. However, as the court noted previously, the Fourth Circuit Court of Appeals requires the ALJ to not only consider the combined effects of claimant's impairments, but to adequately explain his or her evaluation of the combined effects of the impairments. See Walker v. Bowen, 889 F.2d 47 (4th Cir. 1989). The Commissioner's position was not justified to a degree that could satisfy a reasonable person.

## CONCLUSION

The court concludes that the Commissioner's position in defending the case not was substantially justified. Accordingly, Plaintiff's motion for fees under the EAJA (ECF No. 19) is **granted** in the amount of $2,336.40 (13.20 hours X $177.00).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

January 11, 2012.