IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Katie Scalf, | ) | C.A. No. 4:10-1192-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On May 10, 2010, Plaintiff Katie Scalf ("Plaintiff) brought this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act, as amended, seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") partially denying her claim for Disability Insurance Benefits ("DIB").

## I.     Procedural History

On January 17, 2007, Plaintiff filed an application for DIB, alleging inability to work since August 5, 2005 due to whiplash, disk degeneration, fibromyalgia, and bipolar disorder. Plaintiff's applications were denied at all administrative levels and upon reconsideration. Plaintiff subsequently filed a request for a hearing before an ALJ. On April 14, 2009, a hearing was held, wherein the ALJ issued a partially favorable decision, finding that Plaintiff was not disabled from August 5, 2005 until June 26, 2009, but that she became disabled on June 26, 2009, at which point the ALJ had determined she could no longer perform work. On May 10, 2010, Plaintiff filed a complaint with this court, seeking judicial review of the decision finding that she was not disabled between August 5, 2005 and June 26, 2009.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Thomas E. Rogers, III for a Report and Recommendation. The Magistrate Judge found that the ALJ failed to adequately explain his evaluation of the combined effects of Plaintiff's impairments on her functional limitations. As such, the Magistrate Judge recommended that Plaintiff's claim be remanded to the Commissioner for a proper analysis of the combined effect of Plaintiff's impairments (step three of the sequential evaluation process) and re-evaluation of the subsequent steps if necessitated by the outcome of step three. On August 15, 2011, the Commissioner filed objections to the Report and Recommendation, arguing that the ALJ had adequately explained his evaluation of the combined effect of Plaintiff's impairments. In footnote two, on page two of the objections, the Commissioner also noted:

> "[I]f Plaintiff's request for remand is granted and the ALJ's decision is vacated, the ALJ may reconsider her claim, *de novo*, for the entire adjudicated period, including the period after June 26, 2009 (the period for which she was previously found disabled). *See* 20 C.F.R. §§ 404.977, 404.983-84 (upon remand, "[a]ny issues relating to your claim may be considered by the [ALJ] whether or not they were raised in the administrative proceedings leading to the final decision in your case."); Hearings, Appeals, and Litigation Law Manual (HALLEX) I-2-8-811 ("the Appeals Council will generally vacate the final decision of the Commissioner that the court remanded. When the Appeals Council vacates a final decision of the Commissioner, the ALJ must consider all pertinent issues *de novo*"); Programs Operation Manual System (POMS) DI 32561.015 (upon remand, the ALJ may issue a fully favorable, partially favorable, or unfavorable decision). Thus, there is no guarantee that she would receive another favorable decision."

On August 26, 2011, the court filed an order and opinion finding that the Commissioner's objection as to the ALJ's explanation of the combined effect of Plaintiff's impairments was without merit. The court did not discuss footnote two of the Commissioner's objections. The court adopted the Magistrate Judge's Report and Recommendation and remanded the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g), requiring that the ALJ

2

conduct a proper analysis of and adequately explain his or her evaluation of the combined effects of Plaintiff's impairments. Thereafter, the Appeals Council remanded the case for an administrative hearing by an ALJ. Upon commencement of the remand hearing on April 16, 2012, the presiding ALJ advised Plaintiff that he interpreted the court's order of remand to re-open the entire decision of the previous ALJ, which included the ALJ's favorable determination of disability for the time period beginning on June 26, 2009. Plaintiff's counsel disagreed with the ALJ and ultimately, the administrative hearing was postponed to afford Plaintiff's counsel an opportunity to obtain clarification from the court regarding the order of remand.

On April 26, 2012, Plaintiff filed a motion for clarification of the court's order of remand. Plaintiff argues that her complaint with the court specifically sought review of the ALJ's determination that her alleged onset date was June 26, 2009 and not August 5, 2005. Thus, Plaintiff argues the only issue before the court was whether the ALJ erred in finding that Plaintiff was not disabled between August 5, 2005 and June 26, 2009 and that the court had no occasion to determine whether the ALJ incorrectly found that Plaintiff was in fact disabled for the period beginning on June 26, 2009. Further, Plaintiff noted that nowhere in the proceedings before the court did the Commissioner assert that the ALJ's determination that Plaintiff was disabled for the period beginning June 26, 2009 should be reviewed and reversed.

On May 14, 2012, the Commissioner filed a response in opposition to Plaintiff's motion for clarification. First, the Commissioner argues that Plaintiff has no statutory basis to seek clarification. The Commissioner contends that a motion to reconsider pursuant to Rule 59 of the Federal Rules of Civil Procedure is untimely and that to the extent that Plaintiff's motion is construed as being brought pursuant to Fed. R. Civ. P. 60(a) to correct a clerical mistake, oversight or omission, it should be denied because it seeks to change the outcome of the order

and not simply to correct an oversight. The Commissioner argues that the court's order remanded Plaintiff's entire case to the Commissioner for a de novo review, to include both the time period which the ALJ ruled favorably and unfavorably upon. The Commissioner also references his objection to the Magistrate Judge's Report and Recommendation, wherein he contended that federal regulations support the proposition that the ALJ may reconsider Plaintiff's claim de novo for the entire adjudicated period including the period after June 26, 2009. The Commissioner argues that by stating this assertion in his objections, the Commissioner informed the court and Plaintiff's counsel that upon remand, there would be no guarantee that Plaintiff would receive another favorable decision as to the time period after June 26, 2009.

On May 24, 2012, Plaintiff filed a reply brief. First, Plaintiff argues that Fed. R. Civ. P. 60(a) provides the basis for her motion and permits the court to grant the relief sought. Plaintiff contends that she is not seeking to alter the judgment but rather to have the court clarify the intent of the remand order. Plaintiff states that he only seeks clarification because the omission in the remand order as to the time period to be reviewed by the ALJ has caused confusion at the administrative level, which has serious consequences for Plaintiff.

## II.    Standard of Review

Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, the court may upon motion or on its own, correct a clerical mistake or mistake arising from an oversight or omission whenever one is found in a judgment, order, or other part of the record. The Fourth Circuit has recognized that Rule 60(a) is properly utilized to perform a completely ministerial task, such as making a judgment more specific in the face of an original omission, but not to revisit the merits of the question or reconsider the matter. Kosnoski v. Howley, 33 F.3d 376, 379 (4th Cir. 1994). Further, Rule 60(a) applies when an order or judgment fails to reflect what was intended by the

court due to clerical mistake, omission or oversight. See generally, Turja v. Turja, 118 F.3d 1006, 1009 (4th Cir. 1998).

### III.    Discussion

Federal courts have the power to limit the scope of review on remand by specifying actions to be taken by the ALJ. See Sullivan v. Hudson, 490 U.S. 877, 885 (1989). Where a court finds that the Commissioner has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of remand, the evidence to be adduced, and the legal or factual issues to be addressed. Id.

There are only a few federal courts to have considered the question of whether the scope of remand should permit an ALJ to re-visit a finding of disability for a particular time period where the claimant was only seeking review of the time period where the ALJ found no disability. The majority of courts to consider this issue have found that where the Commissioner has not presented any particular reason as to why the ALJ's finding of disability for one time period should be disturbed in light of the re-evaluation regarding another time period and the court can discern no such issue, there is no reason for the ALJ to re-visit the favorable portion of the prior determination on remand. See Lynch v. Astrue, No. 3:08-cv-547, 2009 WL 674381, at *2 (D.S.C. March 13, 2009); Ocasio v. Astrue, No. 08-cv-2016, 2009 WL 2905448, at *5 (S.D.N.Y. Sept. 4, 2009); Jameson v. Astrue, No. 09-cv-237, 2010 WL 1568474, at *1-2 (D.N.H. March 15, 2010); but see Lyons v. Astrue, No. 3:11-cv-495 2012 WL 2505184, at *2 (E.D. Va. June 4, 2012) (where the court held that the scope of review on remand included re-evaluation of the entire time period adjudicated by the ALJ, including the favorable portion). In Jameson, the court noted that a remand order limiting review to the unfavorable time period was consistent

with the scheme set forth in the Social Security Act whereby the Commissioner cannot get a disability determination reversed and only claimants are allowed to seek review of benefits decisions. The court explained that the one-sided right to appeal reflects the Commissioner's role in the social security determination process and the non-adversarial nature of the proceedings.

Plaintiff's motion for clarification is properly brought before the court pursuant to Fed. R. Civ. P. 60(a). Although the court's order on remand did not specifically state the particular time period to be reviewed, the court intended that upon remand, the ALJ only review the claim for the time period that Plaintiff was found not to be disabled. This was the only period of time set forth before the court for review. The court is not persuaded by the Commissioner's interpretation of the federal regulations governing ALJ review in light of the Supreme Court's holding in Sullivan, where the Court stated that federal courts have the power to limit the scope of review on remand by specifying actions to be taken by the ALJ. Further, the court agrees with the majority view on the proper scope of review upon remand. Since the Commissioner did not set forth any specific reasons as to why the favorable portion of the ALJ's decision should be disturbed, the court did not intend for the ALJ to review that portion of the decision upon remand. In Lyons, although the court held that the scope of remand included re-adjudication of the favorable portion of the ALJ's ruling, the court noted among other arguments that if the ALJ is presented with new evidence that the favorable aspects of his previous decision were in error, he should be permitted to consider that evidence. In this case, the Commissioner has not alleged that the ALJ will be presented with new evidence that may call the favorable portion of the previous ALJ finding in question.

## IV. Conclusion

For the reasons stated herein, the court grants Plaintiff's motion for clarification. The court clarifies that the scope of review on remand is limited to the period of time between August 5, 2005 and June 26, 2009 and for the purposes outlined in the court's order of remand.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour<br>
Margaret B. Seymour<br>
Chief United States District Judge

July 12, 2012
Columbia, South Carolina